All right, we'll proceed to hear argument in the last case of the day, Case of Goode v. Central VA Legal Aid Society. Good morning, Your Honor. May it please the Court, my name is Barbara Queen and I am here today on behalf of Freddie Goode. I am here to request that this Court carefully review the allegations in this matter because we believe the District Court misinterpreted court precedent and made improper credibility determinations when it determined that it would grant the defendant's motion to dismiss to the organization where Mr. Goode worked as a public service attorney for over 25 years. I think that probably the first thing you all are going to want to hear about today is the jurisdiction question. At least I do. Yes, sir. We believe that when Judge Hudson dismissed this claim with prejudice that it is a final order. Without. Without prejudice. Yes, sir. Without prejudice that we believe that it is a final order. And part of the reason. When did you form that belief? I formed that belief on August 12th or 13th of last year. But he said without prejudice. Yes, sir. That's an invitation to file an amended complaint and repair the factual deficiencies that he'd identified. You're a good enough lawyer to fix a complaint. Well, Your Honor, I. You wouldn't run up against Rule 11 if you had to do that in this case. Don't you agree? There's no Rule 11 problem hanging over this case, is there? No, I don't believe that there is a Rule 11 problem. However, I think that there is a problem here when you look at the reasons behind why Judge Hudson dismissed the case. And first of all, I believe that there is an issue here when you dismiss a case without prejudice. It invites his ability to refile the claim. His statute of limitations had run on his age claim and his Title VII claim. He got his right to sue in January. Can't he place it back? Limitations is not a problem. No, sir. I think that it would have been a problem in this case. In what way? I mean, you filed the complaint within the period of limitations. And to file an amended complaint or a second amended complaint or a third amended complaint,  You're not asserting new claims. No, sir. You're simply bolstering your factual allegation. That's what the judge wanted you to do. I don't think that that is what he wanted to do. Well, leaving aside the correctness of his legal analysis, I get that. But in terms of the factual basis for your claims, he did make clear he wanted more facts. No, sir. I don't think that he did make clear that he wanted more facts. And I think that the court precedent on this issue is that You keep talking about court precedent. I understand that. I apologize for interrupting. But you needed more facts in the complaint to satisfy this particular district judge. Some other district judges perhaps said, let's go forward. Motion to dismiss denied. But this particular district judge wanted more facts. Now, you have an argument. And I understand you want to argue that the district judge got the law wrong. Maybe he did. Maybe he didn't. But he also wanted more facts. And that's why he said without prejudice. And you come up to us wanting to complain about the judges getting the law wrong without first satisfying the judge by giving the judge more facts. Maybe you give the judge more facts. Maybe, assuming he got the law wrong the first time, he gets the law correct the second time. And now I'll be quiet. Judge Davis, I was here a couple years ago, and we had this exact same. You were very challenging. Same argument? Same case? No, sir. No, sir. But I will say my client last time was also a 72-year-old African-American gentleman. Was that the school case? Yes, sir, it was. Absolutely it was. What a good memory you have. But the challenge here is clearly it is a dismissal without prejudice typically does not give us jurisdiction. Your challenge is to articulate that because there are cases that say even those cases, if essentially it is on the merits and there's nothing more you can do, you can appeal it. And that's what you have to establish here in order to say we have jurisdiction over this case. Well, sir, I think that you do have jurisdiction on this case. When you file something without prejudice, I mean, the court did not make it clear that we can amend. You say that you couldn't? That's true. Without prejudice has to mean something. It means that you can refile the claim and res judicata will not apply. And limitations is toll? No, sir, it's not necessarily toll. I think you're misunderstanding. Maybe I agree with you if you had to file an entirely new action, but in this case the judge did not say you could not move to amend, in which case if you had and he had granted that motion, clearly the claim would have related back at that point. In fact, you don't even have to file a motion to amend the first time under Rule 15. That's true. But when the other side filed their motion to dismiss three days later, they filed their answer to our complaint. So at that point we do have to file an official request from the court if the other side will not grant the motion. In which case if that motion had been denied, then you would have been on a much firmer ground here today. Right. But when you look at the reasons. I'm not sure about that, frankly. I appreciate you reminding us of that. But I know that defendants sometimes try to, you know, get away with whatever they can get away with. You file an answer while your motion to dismiss is pending. I mean, the issue is not before us, but I would doubt that this court would say, oh, yes, now you foreclosed your Rule 15 right to file an amended complaint as a matter of rights simply because you filed an answer two days after you filed a 12B6 motion. But anyway, we don't have to deal with that here. Right. But we still believe that this is a final order from his dismissal of the claim. When you look at the rules and you look at the reasoning behind, we would have had to have vacated his decision under 59E. No, he wouldn't. I'm sorry. I'm really missing something here. He dismissed your complaint. Without prejudice. Without prejudice. Which means that it can be refiled again. No. It means the complaint can be amended. You're not refiling. You're not filing a new action. You're filing an amended complaint. We were not given permission by the court to amend it. You don't need permission. Yes, sir. I believe the rules indicate that we did need permission to do that. Okay. And the reason that we didn't do it is because we did not think that when we looked at the rules and the regulations that we met the standard to do that. But when you look at the reasoning. What was it about without prejudice that led you to think that this wasn't a case in which the court was absolutely giving you the red carpet to file an amended complaint? What needs to be said other than without prejudice? Maybe it's a rocket docket issue. I don't know. But everywhere in America without prejudice means you can file an amended complaint. Without prejudice and, you know, 20 days to amend or 30 days to amend. I think that the court. You mean because he didn't give you a deadline? He didn't give us specific instructions to amend the complaint. I see. You know, if I was a mind reader, I'd be living in Vegas. I wouldn't be sitting here or standing here. And I think moving on to our next argument, even if I had amended the complaint, when the judge gets the law incorrect, which I believe that he has, it would not have made any difference in this matter whatsoever. How so? Did he get the law incorrect? Well, first of all, he held us to a different standard, requiring us to plead a prima facie case, which is not a requirement under the law. And, Judge Winn, I promise I did not know that you were going to be here today. But the court's reasoning in the McLarity-Evans case, your dissent points to some very specific language about how I think that case overturned the requirements that the court had held in the Bass case. You know, swikeritz, I'm sure I'm not pronouncing that correctly, is still good law. It's still a short and plain statement of the fact. And I understand that the courts have made some changes, and I think that there's a struggle, especially for plaintiff's employment lawyers, when you bring a case like this, you're not required to plead a prima facie case, which he required us to do. He required us to have sort of specific evidence of comparators. I think that he interpreted the evidence for his race and his age claims incorrectly, you know, against Mr. Goode. See, he didn't interpret evidence. There was no evidence. Yes, sir. He interpreted the statements that were made in the case. And the inferences are supposed to be judged in Mr. Goode's favor, and I don't believe that he did that in this case. I think when you look at his reasoning for saying that he didn't have to have comparators, that his comparators weren't sufficient. I think that there's case law here in this court, after Twombly and Iqbal even, that says here we've got a comparator, and, you know, he's the same individual. When you look at the way that the organization is structured, you have Mr. Goode and you have Mr. Wedbright. They're both structured at the same senior managing attorneys. You know, the court looked at the language in the complaint and indicated that there was not enough information there. But at these early stages, Judge Winn, as you indicated in your dissent in the McClarity-Evans case, plaintiff's employment lawyers are not going to have a lot of evidence. Well, the problem you have here from a jurisdictional perspective, and of course you don't like to get in cases where you've got to try to guess whether or not you have jurisdiction to come up to the next court, is, you know, at some point in time, it seems the way to shortcut this is to ask the court, Your Honor, it seems as though you articulate the law as this and we believe it's that. Would you certify this and allow us to appeal it? And then that question disappears. That's one way. The other way is to either amend or do something with the complaint to add in additional facts. If you can't do it, then, you know, you're then faced with a situation then where you present it, and they say, oh, no, you can't do this, and you get the prejudice here. But when you're facing a jurisdictional, and one thing the court did do, it held that your client had conceded that he was demoted and terminated due to budget cuts. Well, I don't think that he conceded that. Well, that's what the court so held, and I understand you don't, and maybe he didn't, and probably I could agree with you to some extent on that, but nonetheless, that's there. That would give you some impetus to say in this final that it's kind of futile to refile something. He's made that determination that's incorrect. Well, if you read Judge Hudson's decision, I mean, on and on and on, he talks about that we've pled out of court and, you know, we've admitted to this. See, that's why it seems to me it would be so easy for you to fix that because the district court is looking at a complaint and interpreting your words. You drafted the complaint. Well, I didn't draft the complaint. Well, right, right. Point taken. But you change the complaint and you don't plead yourself out of court. That's a pretty easy thing to do, actually. Again, totally consistent with Rule 11, and I realize there's some law out there that says, well, with an amended complaint, sometimes you can import stuff from the original complaint into the amended complaint, but beyond all of that, it's just a pleading issue. And then if he kicks you out the second time, presumably it's going to be with prejudice. Then you come up. Right. It seems to me. Right. And by the way, as Judge Wynn suggested, you know, part of what's going on here is, you know, these reduction in force cases are difficult cases. I mean, we all know that. Yes, sir. And, in fact, it takes a certain amount of artful pleading in a reduction in force case to, you know, to satisfy some judges, but you're capable of that. Well, thank you, Your Honor. I appreciate that. I'm sure you are. But when you look at Judge Hudson's decision, he indicated for our age claim for the reduction in force part, he indicated that we had to have a comparator, but yet if you look at the Marlow case, which was also a reduction in force, also decided by Judge Hudson a few years before that, he admits that when you have a reduction in force, you're not necessarily going to have a comparator. The positions are all moved around. And I see my time is up, so I will sit down and come back. All right. You've got some minutes in rebuttal, and maybe you can tell us your position if we found this jurisdiction and you come back. Thank you, sir. Good morning, Your Honors, and may it please the Court. My name is Christy Kiley, and I represent the defendant, Appellee in this matter, Central Virginia Legal Aid. Justice Davis, I must confess you stole my opening line. Don't give me a promotion. I would not accept a promotion even if one were offered. Judge Davis, you stole my opening line for our argument. It is exactly Legal Aid's position that what Mr. Good was required to do here was avail himself of all opportunities to have his issues resolved at the District Court. What could he have done? How can he elaborate on his claims without discovery? Your Honor, I'm glad you asked that. I have a two-part answer. One is what he could have done procedurally, and the other is what he could have done on the merits and his factual allegations. First, procedurally, what his options were, because I think there was some confusion in the petitioner's argument about this. When a judge articulates the law in the manner in which he does and essentially requires a McDonnell-Douglas-type framework from a face-to-face case, how can you articulate something that's going to meet that? Particularly when you're talking about a reduction-in-force-type case. For instance, the fourth element there, the one that deals with you didn't tell us who replaced you. Well, reduction-in-force, there's nobody that replaces you. What are you going to plead there? He's not going to be able to come up with anybody that's there. You're absolutely correct, Your Honor, and that's not what Judge Hudson said in his opinion on either of those points. He did not require Mr. Goode to allege a prima facie case. He said alleging a prima facie case is one route a plaintiff can take to make a sufficient showing to infer discrimination. But he used either-or languages in his opinion, if you read it. He said it could be through a prima facie case or it could be through other factual evidence and allegations. He's expressing his opinion about that. It was actually Mr. Goode's complaint that attempted to establish a prima facie case. He is the one in his allegations who was focusing on whether there was a comparator, whether there was a similarly situated person. But Judge Hudson was explicit that he would consider any evidence that went towards the discrimination, the causation element, whether there was a connection between a protected trait and the termination. So he actually did not hold them to a prima facie standard. He also did not find in any way that they couldn't amend and add new allegations to the complaint, and they certainly were capable of trying to do that. This was a 12b-6. It was a failure to state a claim. It was not enough factual detail to infer discrimination that could have readily been corrected through additional supplemental pleading. And in this case, let's look at how many opportunities Mr. Goode had to do that at the trial court level. Under Rule 15a, he had an opportunity of right to- to determine it was sufficient to do it. He dismisses it with prejudice. Why do you have to amend something that we say is sufficient? Assuming. If we say, oh, the judge was wrong. This was sufficient. He dismisses it without prejudice. Come here. What's there to amend if it was sufficient in the first instance? I'm not sure I completely followed that question, Your Honor. He dismissed it without prejudice. My point being, if the complaint in the first instance was sufficient in our view, the judge erred and said it wasn't and said, but I'm dismissing it without prejudice. What's there to amend? Well, respectfully, Your Honor, this court can't reach that determination if it doesn't have jurisdiction over the appeal. Except the dicta, right? Right, Your Honor. What about if the plaintiff says, I think my pleading is sufficient. I stand on my complaint. Do we have jurisdiction? If the plaintiff had expressly said, I have no other facts to offer, Your Honor. Yeah, that's it. I think there arguably would have been a conclusion to the case. There would be no further avenues available to the plaintiff in that situation. They're conceding. They have no additional evidence to add. I would submit that in that case, we went on the merits because they have conceded that they have no additional facts to support any claim of discrimination. What if he says, I have no other facts I want to plead? I don't want to amend. I believe that's what Judge Diaz just asked, Your Honor. Yeah, but why go through the procedural motions of amending something that doesn't need to be amended to get jurisdiction, just so the judge would then use the magic words with prejudice? Of course, there are cases in which the court has dismissed without prejudice and we found jurisdiction. Those are instances, of course, where it is shown that basically it's futile to do that. Aren't we in that situation? The judge, for instance, here made some finding that the defendant had conceded, the plaintiff had conceded that he was terminated due to budget cuts. It doesn't seem quite correct. If that's not correct, that's a basis that was a clear error for him to make that determination. What's there to amend? If the judge has already made up his mind that you've conceded it. Your Honor, in the first instance, I don't think Mr. Goode is taking the position that he has no additional factual allegations to add to the complaint. If you read the briefs, they say that he does have more information. They make a point of saying that he's been with the organization 25 years, he knows so much about it. And that's kind of where, I mean, the Supreme Court has talked to that. As Judge Davis says, these are difficult cases. A lot of these things you've got to have discovery. You've got to be able to get in court and at least get beyond a 12B6 to get to discovery. So, yes, he may have some facts, but he's got to get by a 12B6. And the difficulty here is a reduction in force case leaves him in a situation where there's a lot of unknowns out there. And how do you plead if you don't know it? Certainly, Your Honor, and that goes to many of the points that you made in your McCleary-Evans dissent. However, the majority in that opinion struck a different balance. There is, on the one hand, as you mentioned, the plaintiff's right to reach discovery when he has a meritorious claim and needs more information to flesh out the defendant's liability. That's one thing you balance. But you also have to balance a defendant's right not to be subject to ongoing litigation where there isn't at least a plausible basis for finding liability. And in the McCleary-Evans case, the facts were actually very similar to that here, and the court came down on the side of saying, no, I'm sorry, you just haven't alleged enough. In that case, the plaintiff essentially just said, I believe I was discriminated against because I'm in a protected class and something happened to me that didn't happen to somebody outside the protected class, and that's enough for discrimination. And the Fourth Circuit said, no, it's not. And that's consistent with the Coleman opinion from 2010. It was similar there. More is required to take the court's time to put the defendant through discovery. They have to have some threshold burden. Otherwise, every case would go forward to discovery. Every plaintiff is going to say they need more information. I also think it's very relevant to consider who the plaintiff in this case is. This is not your sort of rank-and-file, typical employment discrimination case where you have an employee who doesn't know much about the organization. It's not a large corporation, somewhere where he needs a lot of discovery to ferret out what happened here. Let's look at the allegations in his complaint. Mr. Goode says he worked for a nine-lawyer organization for 25 years, that he progressed up the ranks through almost every job, and in the briefs he actually describes himself as reporting to the highest position in the organization. He certainly knows what those other eight lawyers in the organization do. He knows what their job duties are. He knows the function they serve. He knows their race and their gender and their approximate ages. For him to claim that he needs access to personnel files to allege whether somebody is doing similar work simply is not the case. This is not an instance where a plaintiff needs discovery to allege a claim of discrimination. It's an instance of a plaintiff who has all the information he needs and still can't state a cognizable claim. Going back to the procedural matter again, I think the jurisdictional argument is very important here. And as Judge Davis said, a dismissal without prejudice is an express invitation to amend. I would also like to point out that Mr. Goode had several opportunities to amend earlier in the case, one of which was an opportunity to amend of right without court leave and without legal aid's consent after he received the 12B6 motion to dismiss. Rule 15A1B says that within 21 days of service of either the response of pleading or the motion to dismiss, whichever is earlier, the plaintiff can re-plead as a matter of right without court leave. So the district court held below that the plaintiff had conceded that he was demoted or dismissed for a non-discriminatory reason, budget cuts. And if that's the holding of the court, what facts could he put forth to overcome that determination? Your Honor, I think saying he found a concession might be overstating Judge Hudson's opinion. I don't recall the term concession being in there. What Judge Hudson did is he looked at the totality of the allegations made by Mr. Goode and said, considering everything in his favor, crediting the truth of everything that he says, is there a reasonable basis to infer discrimination is the reason he was let go? And Judge Hudson found it telling that Mr. Goode did acknowledge the funding crisis, did acknowledge that Social Security cases could be handled to an extent by the private bar, and found that that acknowledgment weighed into the analysis and contributed to his inability to show discrimination. But I don't think it was a per se concession that that alone knocked out his claim. Didn't he cite the cases that suggested that a plaintiff can plead himself out of court, and did he use that language in describing what Judge Wynn just mentioned, the budget cuts being the issue for his demotion? To an extent, Your Honor. What Judge Hudson said was based on the facts before him in Mr. Goode's complaint at the time he had essentially pled himself out of court by acknowledging the validity of the reasons advanced for his separation. How is he supposed to fix that by amendment? It seems to me having pled himself out of court would be a little bit disingenuous. He'd have to come back and say, I was lying. It wasn't true. Your Honor, I don't think he would have to go that far. I think he could come back. What can he do? When you've got a judge that says, you have pled yourself out of court, what can you do at that point? Unplead yourself out of court? Well, Your Honor, to an extent, that goes to our point, which is it's not really appropriate for all of us to be speculating on what the court could have considered in an amended complaint. That's why he was supposed to raise any new allegations at the district court level. He could have alleged additional comments that were made to him by decision makers. He could have alleged additional information about... It wouldn't have been a statement of complaint. He'd have to come and argue against the judge's determination that at that point he had pled himself out of court, when in fact, if you look at it, what he said was the budget cuts were offered as a reason for determination. I'm not sure he pled himself out of court on that. But, you know, I mean, it's there. In any event, the jurisdiction issue is there. It's in front of us. What if we have jurisdiction, then do you win this case or do we send it back? Your Honor, I submit we still win this case. And that's really for several reasons, especially viewing it through the lens of the McCleary-Evans and the Coleman opinions. Again, what those cases say at their core is it is not enough if all you can allege is I was part of a protected class, somebody else wasn't, and something bad happened to me. That's not enough to infer discrimination. The Iqbal and Twombly plausibility standard, which admittedly causes sea change in pleading requirements, especially in employment cases, they require plausibility. Plausibility has been defined consistently in the case law as requiring allegations that are more than just consistent with discrimination. They must make it plausible. If you had an adverse action against somebody in a protected group, could that be consistent with discrimination? Absolutely. Is that enough to suggest discrimination was plausible? No, under this Court and the Supreme Court's precedent. He was required to allege more. He has not done that here. There's nothing to suggest that his race, his age, or his gender is what caused him to be separated from legal aid, and that's from his own allegations. So focus on the fourth prong of both of those allegations, on both the age and the race discrimination, and the determination of whether that was sufficiently alleged. Okay, well, again, Your Honor, the Court did not require him to plead a prima facie case. He just required him to present some manner of evidence that would infer discrimination. Because the plaintiff seemed to attempt to go through a prima facie case, the court did evaluate that, and where he primarily fails is alleging anyone similarly situated outside of the protected group who is treated more favorably. And also, Your Honor, to the point you made earlier, you were asking about reduction-in-force cases. Look at that, because that goes right on the point you just made. The reduction-in-force case, and how do you meet that? Yes, Your Honor, so there's several articulations of that fourth prong of the prima facie case, right? And the courts have acknowledged it has to be modified in a RIF case. I'm not going to stand here and tell you that he had to point to somebody who got his job after he left. That makes no sense in a RIF context. Especially if it's a reduction-in-force and the job is eliminated. Nobody's going to get you a job. Exactly, Your Honor, and that's not what Judge Hudson required here. For the fourth prong, Judge Hudson said there has to be something to suggest they did not treat race neutrally in selecting that poor, unfortunate employee he was going to be let go. That's the standard Judge Hudson applied, and that's the correct standard in a reduction-in-force case. He said, can you show that your race, your gender, or your age was not treated neutrally when you, out of the nine attorneys, was selected for separation? And there is absolutely nothing in his complaint to suggest that that is the case. What his complaint does suggest is not only that the funding crisis was behind it, which we've addressed several times now. He also acknowledges that, to an extent, the private bar covers Social Security cases, but he wasn't... What if the plaintiff showed there were circumstances giving rise to an inference of discrimination, as opposed to what Judge Hudson required him to do, and that is to show that he had been replaced by someone or that there's some other condition of discrimination? Your Honor, Judge Hudson did not require him to show that he was replaced by somebody. So we only need to show that there were circumstances giving rise to an inference of discrimination? Absolutely, Your Honor, and it's on page... And Judge Hudson so found that. It's on page 12 of Judge Hudson's opinion. He said... Well, how is it different to require him to show that he's been replaced by someone outside the class with comparable qualifications or that after his termination, his position remained open to similarly qualified applicants? Well, that's not the reduction in force standard, Your Honor. That would be the prong if it was not a reduction in force. What Judge Hudson says on page 12 is that Mr. Good, quote, by alleging facts to show CVLIS did not treat race neutrally when making its decision. That is the correct standard in a reduction in force case. He did not require Mr. Good to show that his duties were assigned to someone else or that somebody else was hired into his job. He only required him to show what? That race was not treated neutrally in making the selection decision. In other words, that when CVLIS was looking at its nine lawyers and it knew a position had to go, did it consider race, gender, or age as a factor in picking that person? That's the requirement. Show that race was not treated neutrally. Mr. Good has not done that. And Mr. Good, actually, the reason Judge Hudson used the language has essentially pled himself out of court is not just because of the funding issue. Well, the circumstances show an inference of discrimination, and he alleges that his position was eliminated, and that of a white attorney with the same job was retained. And then he states that five of the six individuals selected for termination were African-American. So if you view those in a light most favorable to him, is that sufficient for circumstances for which you can get an inference of discrimination? It's not, Your Honor, and that's for two reasons. One is he does not allege the same position was retained. He alleges someone with the same job title was retained. But the case law says when you are comparing two people, it's not the job title that matters. And as an employment lawyer, I'll tell you, job titles get thrown around all the time. What matters is what the two people actually do. Are they similar in relevant respects? Do they have the same duties? Do they work in the same area of the law? Are they in the same office? Do they have the same level of responsibility? And here Mr. Good tried to compare himself to Martin Wegbright, who is in charge of all litigation services for legal aid. He also tried to compare himself to Mr. Wegbright, who is paid a higher salary than Good. If you have two different positions and they're not of the same quality, unless you say they don't meet, they're not comparable, but the choice is made to eliminate one of those positions and you eliminate it because there's a person of a particular race or age in it, you can't find anybody comparable to this, but the rationale for doing so is discriminatory. That would be a case, Your Honor. That is not what we have here. So does he have to find someone comparable if he can show that there is no comparable position to what he has? No, he does not, Your Honor. He simply has to present some evidence of some kind to suggest there's more than a mere possibility discrimination happened here. And I can't tell you today what that evidence could be. Well, he picked the other attorney in the office who was kind of in the same level, job title or whatever, is there, and he says you kept him, and then you say five of the six who've been selected for termination were African-American, and you just, the plausibility standard, I think Justice Thomas might have written a case that dealt with it, too. It's a pretty low standard when you're at least at the 12B60. It doesn't mean you're going to win this case. Well, again, Your Honor, I think it's significant that Mr. Goode had access to all the information he needed about this organization to explain why he was selected out of the nine attorneys in this group. He did not have to show that somebody with his exact same function was retained, but he did have to show that his race, age, or sex was the reason he was chosen by legal aid. He didn't do that. He not only acknowledged the funding issue. He not only acknowledged that it was his area of the law that was removed. They got rid of Social Security representation. They don't do it anymore. And that's what he did. That's why he was chosen. Ms. Kiley, I don't dispute that in a group this small that it's likely that Mr. Goode would have had the necessary information to make this comparator analysis, and it's difficult, I suppose, in a small group to make that allegation because the positions are probably very different. But what he can't do, what he obviously can't do is read people's minds as to what their intent is. So what's he supposed to do in that circumstance? Well, Your Honor, we're not expecting him to read minds, but he does allege several reasons why he was probably the one chosen, and not one of them has to do with a protected trait. He says he might have been chosen. I'm sorry, I see my time is out. Continue the thought. He says he might have been chosen because he had another source of income through veteran benefits. That's not based on race, age, or gender. He says he might have been chosen because some of the other employees were single parents and needed that income more. That's not based on race or gender. Neither one of which needed to be in the complaint in this case. No, but it was. It was. But neither of those allegations, I'm going to go ahead and say it, should have been in there. It's irrelevant to his claim. I tend to agree, Your Honor, but he put them in, and that's why he could have filed an amended complaint without. Yes, exactly, Your Honor. Exactly. And we would have been stuck with the amended complaint to deal with. Thank you. Thank you. We have a few minutes for a rebuttal if you choose to use it. Someone left their pen. Keep it. Well, thank you, Your Honor. I'll cherish it. First of all, going to Christy's point, for the ADEA claim, on page 107 of the record, Judge Hudson specifically indicates the fourth element required that the plausible inference that someone outside the protected class replaced Good, Good does not allege he was replaced by anyone at all. So Judge Hudson is holding, I believe he is holding him to a standard for reduction of force that is not applicable in this circumstance. Now, articulate that a little more because she is very specific. Judge Hudson didn't do that. He didn't hold him to this kind of basic case. He said he looked at the right plausibility standard and used it there. He specifically did hold him. He indicated, again, on page 107 of the record, that because Mr. Good had not pled that he Sorry, I didn't have my glasses. That he does not allege he was replaced by anyone at all. He has to be replaced by someone outside of the protected class. Judge Hudson dismissed the claim because there was no direct evidence of discrimination, which in my world, it would be great if there was, but there never, ever is. Mr. Good was not in the meeting where it was discussed who was going to be let go and why and what those reasons were. And this, Judge Winn, I think goes to your dissent in the McLarity-Evans case. That can't be much here, but go ahead. In that claim and in the Coleman claim, I think that Mr. Good has moved past those allegations. In the Myers claim out of Maryland, the judge said, you know, you look at whether something fishy happened. And I think that in this case for his Title VII and for his age claim, something fishy did happen. When Mr. Good went back to Mr. Dickinson and said, well, you know, I've been here, this is how we've handled budget crises in the past, and nobody's had to be let go, he wasn't amenable to doing any of that. Instead, he comes to him and says, well, you know what, I can't, I can't, we can't do that because I have to give races to people and I have to have a full-time attorney working half-time. And I think, you know, that part of it crosses the line into the something fishy. When you have an organization that relies on funding from the government, when there's budget cuts, people don't get races. People aren't allowed to work part-time for a full-time salary. And I think that that, for this case, crosses the line, and it's in his complaint. But yet again, I think that Judge Hudson was incorrect, the standard that he held him to. If I made a mistake and I should have repled the claim, then the courts look at, you're not supposed to, the federal rules are supposed to be fair, and look at that as the final decision and look at what's behind it. And when you look at the reasons why Judge Hudson dismissed this complaint, those reasons were not correct.  We were not going to be able to meet the high standards and the incorrect standards that he placed on Mr. Good in this matter. So we are asking that this court remand it and vacate his decision on the motion. Ms. Green, you don't have to answer this. Who drafted the complaint? Who drafted the complaint? Another attorney in our office. Another attorney. Yes. Okay. Any further? Thank you very much. Thank you, Your Honor. We appreciate your services. We'll come down and greet counsel and then we will adjourn for the day.
judges: James A. Wynn, Jr., Albert Diaz, Andre M. Davis